Opinion
 

 POTTER, Acting P. J.
 

 Allied Fidelity Insurance Company appeals from an order denying its motion to vacate the forfeiture of a bail bond posted to secure the release from custody of Wayne Sallman in criminal proceedings pending against him. The order is appealable.
 
 (People
 
 v.
 
 Wilcox
 
 (1960) 53 Cal.2d 651, 655 [2 Cal.Rptr. 754, 349 P.2d 522].)
 

 The undertaking of the corporate bail bond was that the defendant would appear on the date set for arraignment and would at all times hold himself amenable to the orders and process of the court, and “if convicted, will appear for pronouncement of judgment or grant of probation; ...”
 

 On January 26, 1977, probation and sentence proceedings were conducted in Sallman’s case. He had pled guilty pursuant to a plea bargain, and a probation report had been received which recommended against probation. Counsel for Sallman requested a two-weeks’ continuance to inquire into the work furlough program. When this was denied with the suggestion that a subsequent application could be made, Sallman’s counsel indicated that there was no legal cause not to pronounce sentence or grant probation. The court then stated:
 

 “In the matter of Wayne Sallman, proceedings are suspended and the defendant is placed on probation for a period of four years.
 

 “I am going to pass the matter for approximately five minutes or so and have the probation officer in this case consider some appropriate [conditions] for probation in view of the fact that the original recommendation that probation be denied has not had the benefit of any such thinking and I think that this matter may take a little thinking in that connection.
 

 “Let me pass it.”
 

 At that point, Sallman’s counsel reminded the court that at the time the “plea was taken we mentioned no promises but we mentioned the
 
 *245
 
 consideration of weekends for Mr. Sallman so that he could continue his employment.” The court responded to this that he “would suggest to [him] that the defendant’s time is going to be that substantial that it could never be served on weekends.” The court’s final statement was: “Let’s pass the matter and get some probation conditions.”
 

 At no time in the course of the proceedings was there any assertion of custodial authority over the defendant; nor was there any express exoneration of bail.
 

 Though the reporter’s transcript does not contain any further entries for that date, the minutes of the court contain an entry as follows: “Defendant no longer present in court at the second call of the calendar.” The further entry in the minutes was “Defendant fails to appear without sufficient excuse. Bail forfeited. Bench warrant ordered issued.”
 

 Thereafter, appellant’s motion to vacate the order of forfeiture was timely filed pursuant to Penal Code section 1305. The showing in support of the motion was by declaration which stated that “defendant Wayne Sallmen [57'c] . . . appeared in court for sentencing” and “was formally sentenced and the case was passed to determine how much time the defendant was to serve. After a short recess the case was called again and defendant failed to answer,. . .” There was no showing made of any facts which would justify discharge of the forfeiture;
 
 [1]
 
 appellant’s sole contention was that “when the defendant was formally sentenced, the bail should have been ordered exonerated.” The motion was submitted to the court without any further factual showing.
 

 Appellant argued that the court’s statement that proceedings were suspended and that Sallman was placed on probation for four years constituted a sentence and exonerated the bail. The court found this contention unpersuasive and denied the motion.
 

 In its brief on appeal, appellant takes a slightly different position than that urged in the trial court. In addition to claiming that the defendant’s nonappearance occurred “after being sentenced,” it also asserts that “the defendant appeared for sentencing, which was the very condition that the bond called for.” The only authority cited by appellant is
 
 People
 
 v.
 
 Wilshire Ins. Co.
 
 (1977) 67 Cal.App.3d 521 [136 Cal.Rptr.
 
 *246
 
 693], Neither of appellant’s arguments support its appeal and the authority upon which it relies is not in point.
 

 The condition of the bond that Sallman “appear for pronouncement of judgment or grant of probation” was not satisfied by Sallman’s being there for a portion of that process. The California Constitution requires that defendants in noncapital cases “shall be released on bail by sufficient sureties.” (Art. I, § 12.) The statutes implementing this requirement provide for two kind of bail bonds. Penal Code section 1271 provides that the defendant “may be admitted to bail before conviction, as a matter of right.” The conditions of the bond in this event are governed by Penal Code section 1287 which provides in pertinent part that the bond shall guarantee that the defendant “. . . if convicted, will appear for pronouncement of judgment or grant of probation.” A second kind of bond is applicable when the defendant is admitted to bail “[ajfter conviction . . . [a]s a matter of discretion . . .” in felony matters. (Pen. Code, § 1272.) The condition of the bond in such cases is governed by Penal Code section 1292 which provides: “. . . [T]he undertaking must be conditioned as prescribed in section 1273, for undertakings of bail on appeal.” Section 1273 provides that the condition of the bond is that the defendant “. . . will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed ....”
 

 If the coverage of the first type of bond terminates upon the defendant appearing for the commencement of proceedings for pronouncement of sentence or grant of probation, a defendant is obliged to remain in custody during any interruption in the sentencing process
 
 [2]
 
 unless (1) the court in its discretion admits him to bail, pursuant to Penal Code section 1272, as amended in 1971, as "... a defendant who has made application for probation or who has appealed, . . .” and (2) the defendant incurs the expense of an additional bail bond premium. This would severely limit bail (it would not be available “[a]s a matter of right”) and burden (by increasing the cost) the defendant’s constitutional right, a result which should be avoided.
 
 (People
 
 v.
 
 Surety Ins. Co.
 
 (1976) 55 Cal.App.3d 197, 202 [127 Cal.Rptr. 451].)
 

 The 1971 amendment to Penal Code.section 1272
 
 [3]
 
 extending discretionary bail on appeal to defendants who have applied for probation
 
 *247
 
 should not be construed to require this result. Before such amendment, only defendants who had appealed were eligible for such bail. The amendment was, therefore, clearly intended to facilitate release on bail, not obstruct it. There is no need for a defendant who is already on bail to “be admitted to bail” pending the pronouncement of judgment upon the verdict. The amendment operates to extend the right to bail during this interval to defendants who have not previously posted bail (for example, those who have been unable or unwilling to incur the expense of a bond premium or who have been free on their own recognizance). It was not accompanied by any change in the form of bond specified in Penal Code section 1278, which continues in effect in the interval between the verdict and pronouncement of judgment. In any event, section 1272 makes no distinction between the time prior to the commencement of the pronouncement of sentence or grant of probation and the completion thereof. It does not, therefore, support a construction of Penal Code section 1278 as limiting the effectiveness of the bond to the commencement of the sentencing proceedings.
 

 The foregoing considerations impel us to the conclusion that a preconviction bail bond in the form specified by Penal Code section 1287 remains in effect until completion of the “. . . pronouncement of judgment or grant of probation ....”
 

 The record is clear in this case that Sallman did not remain in court for the completion of the grant of probation. A grant of probation may be made which does not state conditions, in which event they are implied. (See
 
 People
 
 v.
 
 Lippner
 
 (1933) 219 Cal. 395, 398-400 [26 P.2d 457].) But it is patent that no such grant of probation was intended in this case. The court clearly stated that it was going to impose a condition of county time that was so “substantial that it could never be served on weekends. . .” and that a complete set of conditions would be imposed once the court had the benefit of the probation officer’s recommendations. The defendant was under no misapprehension. He knew that there was more to come and fled to escape the expected imposition of a substantial jail term as a condition of probation.
 

 
 *248
 

 People
 
 v.
 
 Wilshire Ins. Co., supra,
 
 67 Cal.App.3d 521, does not support appellant’s position. In that case, defendant surrendered himself for execution of judgment after affirmance on appeal. After defendant’s motion for a stay of execution was denied, the court declared
 
 (id.,
 
 at p. 525): “ ‘The defendant is remanded. Bail is exonerated.’ ” According to the opinion, “[t]he reporter’s transcript indicates that, following the quoted statement of the trial judge, the proceedings in the Marrón case were concluded . . . .”
 
 (Ibid.)
 
 Further facts were that Marrón was taken into custody by the sheriff who “. . . placed him in the lockup ...”
 
 (id.,
 
 at p. 530) but released him later in the day, advising him that he was to return to court in two weeks. The clerk’s minutes contained two contradictory entries: one stating that Marron’s motion for stay of execution to permit filing of petition for writ of certiorari was denied; the other was “. . . to the effect that defendant’s request for a stay of execution of judgment was granted . . .” with the additional entry “ ‘B1 on appeal.’ ”
 
 (Id.,
 
 at p. 525.)
 

 The court in
 
 Wilshire Ins. Co.
 
 held that although the court’s clear order placing Marrón in custody and exonerating his bail could have been vacated by making a different ruling on the same day, the record did not establish any such action had been taken by the court. No such problem is posed in the instant case. The court never exercised any custodial authority over Sallman and took no action which could conceivably be construed as an exoneration of the bail; both of these facts are clear from the reporter’s transcript of the judge’s remarks. Nothing in the clerk’s minutes in any respect suggests the contrary. It is thus apparent that the decision in the
 
 Wilshire
 
 case is not controlling.
 

 The order appealed from is affirmed.
 

 Cobey, J., and Allport, J., concurred.
 

 [1]
 

 There was no attempt to show that the defendant had been surrendered to custody nor that there was any excuse for his nonappearance. (See Pen. Code, § 1305, subd. (a).)
 

 [2]
 

 For example, in the case at bench, it would have been appropriate for the court to continue the matter for a period of days to permit the probation officer to recommend appropriate conditions of probation.
 

 [3]
 

 Penal Code section 1272, as amended in 1971, reads:
 

 “After conviction of an offense not punishable with death, a defendant who has made
 
 *247
 
 application for probation or who has appealed may be admitted to bail;
 

 “1. As a matter of right, before judgment is pronounced pending application for probation in cases of misdemeanors, or when the appeal is from a judgment imposing a fine only.
 

 “2. As a matter of right, before judgment is pronounced pending application for probation in cases of misdemeanors, or when the appeal is from a judgment imposing imprisonment in cases of misdemeanors. “3. As a matter of discretion in all other cases.”