*1176 ON REHEARING
WATSON, Justice.
This is a bail bond forfeiture suit. The trial court ordered defendants’ bonds forfeited when they failed to appear for execution of their sentences after appeal. See State v. Kaercher, 362 So.2d 754 (La., 1978). The bonding company, Allied Fidelity Insurance Company, applied for a writ of certiorari, 380 So.2d 1365 (La., 1980), which was granted, 383 So.2d 21 (La., 1980). The original opinion, 392 So.2d 1172, held that the bond language covered the period between sentencing and appeal. A rehearing was granted to reconsider the issue of whether Allied’s obligation terminated at the time of sentencing.
After their arrest, Kenneth Kaercher’s bond was reduced to $75,000 and Thomas Tighe’s to $100,000. Bond was furnished by Allied through its agent, Wayne Diaz. The amount exceeded Diaz’s general authority, which was limited to $25,000. Separate powers of attorney were issued giving Diaz $100,000 authority as to Kaercher and also to Tighe. The powers of attorney, both dated June 7, 1977, were recorded in La-fourche Parish.
After a motion to suppress evidence was overruled, defendants entered a conditional plea of guilty, reserving their rights under State v. Crosby, 338 So.2d 584 (La., 1976), and were each sentenced to ten years at hard labor. The trial court decided to allow them to remain out on bail pending the outcome of their appeals. LSA-C.Cr.P. art. 314; Art. 1, § 18, La.-Const. of 1974. The State did not object because the bond amounts were substantial and defendants had previously honored their court commitments. Although no longer an agent for Allied, Wayne Diaz testified that he had permission to continue these bonds and had called to reaffirm his authority to remain on the bonds pending appeal.
At the hearing on the bond forfeitures, the trial court concluded that Allied was unaware Diaz had undertaken a continuing bond obligation; and that Diaz had no actual authority to bind Allied for the period between sentencing and appeal. The trial court stated that Diaz had “apparent authority”.
The language of the bail bonds is exactly that suggested in part (c) of the Official Revision Comment to LSA-C.Cr.P. art. 330, stating in pertinent part that the principal:
“... will appear at all stages of the proceedings in the 17th Judicial District Court to answer that charge or any related charge, and will at all times hold himself amenable to the orders and process of the court, and, if convicted, will appear for pronouncement of the verdict and the sentence, and will not leave the State without written permission of the court.”
Part (a) of the Official Revision Comment advises that:
“The additional undertaking that he will submit himself to the orders and the process of the court covers the appeal situation if the bond is continued after conviction, pending the appeal. Of course, the amount of the bail may be increased after conviction and pending appeal.”
Dicta in State v. Johnson, 342 So.2d 863 (La., 1977) indicated that the language used here is sufficient to cover a post-conviction period, “... if bond is continued after conviction.” 342 So.2d 865. Compare Resolute Insurance Co. v. State, 450 P.2d 879 (Alaska, 1969), and United States v. Gonware, 415 F.2d 82 (U.S. 9 Cir. 1969). The separate codal provisions in LSA-C.Cr.P. arts. 312 and 314 imply that bail before conviction and after conviction are subject to different rules. However, Louisiana law does not have a specific provision governing appeal bonds, as distinguished from appearance bonds. Compare State v. Moccia, 414 A.2d 1275 (N.H., 1980) and People v. Allied Fidelity Insurance Co., 147 Cal.Rptr. 245, 82 Cal.App.3d 242 (1978).
These contracts of bail were conditional as to the period pending appeal. Until defendants were convicted, their sentences were imposed, the trial court decided to admit defendants to bail pending appeal, and the bail bonds were extended by the surety, the bonding company had no obligation for the post-sentencing period. *1177 Compare United States v. Martinez, 613 F.2d 473 (U.S. 3 Cir. 1980). The conditions were implied by the nature of the contracts. LSA-C.C. art. 2026. The bonding company had the option of continuing the bonds or not after sentencing. See United States v. Dinneen, 577 F.2d 919 (U.S. 5 Cir. 1978). Usage supplies an omission in the terms of the contracts. LSA-C.C. art. 1964. Diaz could have legally continued these bonds through the appellate period, if he had had authority from Allied to do so.
Apparent authority of an agent may be inferred from the circumstances surrounding a particular transaction, but a mere statement of authority does not establish an agency relationship. Diaz asserted that Allied had verbally authorized him to continue these bonds to cover the period until final judgment after appeal. However, Allied, after revoking Diaz’s general power of attorney, did nothing which could reasonably be construed by third parties to vest Diaz with apparent authority to bind Allied on bonds for which Diaz was initially given special powers of attorney. The trial court and the State relied on Diaz’s statement of authority, but there is no evidence that Allied made that reliance reasonable. Since Diaz did not have permission to continue these bonds and his authority as agent had been cancelled, his testimony did not bind Allied. Compare Imperial Insurance Company v. State, 539 P.2d 1370 (Okl., 1975).
Accordingly, the original opinion of this court is vacated. The judgment of the trial court is reversed, and it is ordered that Allied Fidelity Insurance Company’s motion to set aside the judgments of bond forfeiture be granted.
REVERSED AND REMANDED.
LEMMON, J., concurs and will assign reasons.
CALOGERO, J., concurs for the reasons expressed earlier in dissent to opinion on original hearing.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., dissents and assigns reasons.