[No. B179578. Second Dist., Div. Six. Oct. 27, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Noel A. Klebaum, County Counsel, and Matthew A. Bromund, Assistant County Counsel, for Plaintiff and Respondent.

**OPINION**

**GILBERT, P. J.**—Here we hold that a defendant's appearance in the office of the clerk of the court is not equivalent to an appearance in court for the purpose of exonerating a bail bond. (Pen. Code, § 1305, subd. (c)(1).)[1] We also hold the clerk of the court has no duty to execute an arrest warrant.

## FACTS

Jimmy Palmer was arrested in Ventura County on drug-related charges. He posted a bond in the amount of $55,000 to guarantee his appearance in court. Ranger Insurance Company (Ranger) is surety on the bond.

On January 14, 2004, Palmer failed to appear in court. The court declared bail forfeited and issued a warrant for Palmer's arrest. Notice of forfeiture was mailed to Ranger on January 15, 2004.

On January 16, 2004, the clerk of the court recalendared Palmer's appearance for January 20, 2004. A note in the court's docket report states: "Case on calendar at request of the defendant who appeared at the counter."

Palmer again failed to appear on January 20, 2004, and has made no other appearance. The court entered summary judgment against Ranger on August 13, 2004, more than 185 days after the mailing of the notice of forfeiture.

---

[1] All statutory references are to the Penal Code.

On September 7, 2004, Ranger moved to set aside the summary judgment and for relief from forfeiture. The trial court denied the motion.

## DISCUSSION

Ranger contends Palmer's appearance at the clerk's office on January 16, 2004, is sufficient to satisfy section 1305, subdivision (c)(1).

Section 1305, subdivision (c)(1) requires the court on its own motion to vacate forfeiture and exonerate the bond "[i]f the defendant appears . . . in court within 180 days of the date of forfeiture . . . ."

■ The plain language of section 1305, subdivision (c)(1) requires the defendant to appear "in court." An appearance in the courthouse vestibule, hallway, restroom, or clerk's office is not an appearance in court. We presume that had the Legislature intended an appearance in the clerk's office to suffice, it would have said so. ■ We have no power to add language to the statute. The defendant's appearance in the clerk's office is simply not sufficient.

Ranger argues that the clerk had a duty to arrest Palmer under the warrant issued when he failed to appear. Ranger relies on section 816.

Section 816 provides: "A warrant of arrest shall be directed generally to any peace officer, or to any public officer or employee authorized to serve process where the warrant is for a violation of a statute or ordinance which such person has the duty to enforce, in the state, and may be executed by any of those officers to whom it may be delivered. [¶] When a warrant of arrest has been delivered to a peace officer and the person named in the warrant is otherwise lawfully in the custody of the peace officer, the warrant may be executed by the peace officer or by any clerk of a city or county jail authorized to act and acting under the peace officer's direction."

Ranger claims the first paragraph of section 816 applies because the clerk is a public employee. But the first paragraph only applies "where the warrant is for a violation of a statute or ordinance which [the public employee] has [a] duty to enforce . . . ." (*Ibid.*) Ranger cites no authority to support the proposition that a court clerk behind the counter has a duty to enforce the drug laws under which Palmer was arrested or the law relating to a failure to appear. (§ 1320.5 [willful failure to appear by person released on bail].)

Ranger claims the second paragraph of section 816 applies because it provides that the warrant may be executed "by any clerk . . . ." But the clerk the paragraph refers to is "any clerk of a city or county jail . . . ." (*Ibid.*) The

clerk of the court clearly is not the clerk of a city or county jail. Moreover, the paragraph requires that the defendant is lawfully in the custody of a peace officer and that the clerk is authorized to act under the peace officer's direction. Here Palmer was not in the lawful custody of a peace officer, nor was the clerk of the court authorized to act under a peace officer's direction.

Ranger's reliance on *People v. SurXety Insurance Company* (1982) 136 Cal.App.3d 556, 562 [186 Cal.Rptr. 385] is misplaced. There the court held that the clerk of the court had a duty to check his own records to determine whether a bail agent's authority to post bonds for his surety had been revoked. It is one thing to say the clerk of the court has a duty to check his own records; it is quite another thing to say the clerk of the court has a duty to undertake the potentially hazardous and possibly life-threatening task of executing an arrest warrant.

Finally, a bench warrant issued on failure to appear is directed to "any Sheriff, Marshal, or Policeman in this State . . . ." (§ 981.) It is not directed to the clerk of the court.

The judgment is affirmed. Costs on appeal are awarded to respondent.

Coffee, J., and Perren, J., concurred.