Filed 8/30/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ACCREDITED SURETY & CASUALTY COMPANY,<br><br>     Defendant and Appellant. | A150209<br><br>(Alameda County<br>Super. Ct. No. 135346) |

     When bail is forfeited because an out-of-custody defendant fails to appear, the surety is entitled to an automatic exoneration of bail by operation of law if the defendant appears within 185 days from the mailing of a notice of forfeiture.  (Pen. Code, § 1305, subds. (b)(1), (c)(1).)[1]  Here defendant appeared voluntarily to recall a bench warrant, but—when the case was continued to the afternoon session to secure the bail bondsman's attendance—he failed to appear that afternoon.  The trial court did not treat the defendant's morning appearance as sufficient to exonerate the bail and entered summary judgment against the surety.  The surety appeals from the order denying its motion to set aside summary judgment, to vacate the forfeiture and to exonerate the bail.  We agree with the surety that, upon defendant's appearance, the bail was exonerated by operation of law and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

     Defendant John Adams (defendant) was charged with unlawful driving or taking of an automobile (Veh. Code, § 10851, subd. (a)).  When defendant failed to appear for a

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

hearing, the trial court issued a bench warrant and set bail at $50,000. Defendant was arrested on the warrant. On December 28, 2015, Accredited Surety (Accredited), through its agent, Chad Conley Bail Bonds, posted bail in the amount of $50,000, and defendant was released from custody. Defendant appeared at two post-release hearings and was ordered to appear on February 18, 2016, for assignment of counsel. When he failed to appear, the court declared the bond forfeited, and issued a bench warrant. On February 22, 2016, the clerk of the trial court mailed notice of bail forfeiture to Accredited which gave Accredited 185 days—up to and including August 25, 2016—to move to vacate the forfeiture and to exonerate the bond. The matter was on calendar, on August 11, 2016, to recall the bench warrant. Defendant appeared at 10 a.m., but the bail bondsman did not. Defendant asked, and the court agreed, to pass the matter to later in the morning. Defendant again appeared, without the bondsman, and the court continued the matter to 2 p.m. When the defendant appeared at the morning session, the court did not vacate the order of forfeiture and did not exonerate the bond. Defendant did not appear in the afternoon, and the court ordered "the bench warrant to remain."

Upon the expiration of the exoneration period, the trial court entered summary judgment on the bond and sent Accredited notice of entry. Accredited moved to set aside summary judgment, arguing that the bail was exonerated by operation of law when defendant appeared on August 11, 2016. (§ 1305, subd. (c)(1).) The court heard and denied the motion, and Accredited appealed.

**DISCUSSION**

### I. *Legal Principles*

"The forfeiture of bail and related proceedings are a matter of statutory procedure governed by [Penal Code] sections 1305 through 1308." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709 (*Safety National*).) "When a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond. (Pen. Code, § 1305, subd. (a).) The surety that posted the bond then has a statutory 'appearance' period in which either to produce the accused in court and have the forfeiture set aside, or to demonstrate other

2

circumstances requiring the court to vacate the forfeiture. If the forfeiture is not set aside by the end of the appearance period, the court is required to enter summary judgment against the surety. (§ 1306, subd. (a).)" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657, fn. omitted.)

" ' "Certain fixed legal principles guide us in the construction of bail statutes. The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citation.] Thus, [the bail forfeiture statutes] must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture." ' [Citation.] ' "The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond." ' " (*People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1044.) "The provisions of section 1305 'must be strictly followed or the court acts without or in excess of its jurisdiction.' [Citations.] 'The burden is upon the bonding company seeking to set aside the forfeiture to establish by competent evidence that its case falls within the four corners of these statutory requirements.' " (*People v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146, 152.)

" 'The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court.' [Citation.] 'While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature.' [Citation.] In that regard, the bail bond itself is a ' "contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond." ' (*Ibid.*) When a defendant who posts bail fails to appear at a scheduled hearing, the forfeiture of bail implicates not just the defendant's required presence, but constitutes a 'breach of this contract' between the surety and the government. [Citation.] Ultimately, if the defendant's nonappearance is without sufficient excuse, it is the surety who 'must suffer the consequences.' " (*Safety National*, *supra*, 62 Cal.4th at p. 709.)

"If the defendant appears . . . voluntarily . . . within 180 days of the date of mailing of the notice . . . the court shall, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's . . . obligations under the bond shall be immediately vacated and the bond exonerated." (§ 1305, subd. (c)(1).)

We review an order denying a motion to vacate a bond forfeiture under an abuse of discretion standard; however where, as here, the facts are uncontested, and the issue concerns a pure question of law, we review the decision de novo. (*People v. Fairmont Specialty Group, supra,* 173 Cal.App.4th at p. 151; see *People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592; accord, *People v. International Fidelity Ins. Co.* (2010) 185 Cal.App.4th 1391, 1395.)

### II.     Analysis

It is undisputed that—within the 185-day exoneration period, on August 11, 2016— defendant voluntarily appeared; the matter was passed to later in the morning; and, due to the bondsman's absence, continued to the afternoon, at which time defendant failed to appear. Upon the voluntary appearance of defendant, section 1305, subdivision (c)(1) required the trial court—on its own motion—to order the forfeiture to be vacated and to exonerate the bail. (*Id*., subd. (c)(1).) Failing that, "the surety's . . . obligations under the bond shall be immediately vacated and the bond exonerated." (*Id*., subd. (c)(2).) In its motion and at the hearing, Accredited relied on the operation of law to seek to set aside the summary judgment. The court recalled "that the defendant appeared in the morning. Went out to make a call to the bail bonds person and came back in and told me that the bail bonds person was going to be here later that morning, that did not occur, and then towards the end of the calendar still believed that the bail bonds person was going to appear and we passed it until 2:00 p.m." Accredited argued that defendant having voluntarily appeared, the surety was entitled to its remedy. In the absence of the bail bondsman to address the issue of whether to reinstate the bond, the court could either remand the defendant in the morning or—as it did—continue the

4

matter to the afternoon with the defendant out of custody. Accredited observed: The court indulged the defendant, but that accommodation should not be at the surety's expense. The county argued that defendant's presence throughout the morning did not constitute the prerequisite voluntary appearance to require vacation of the forfeiture and exoneration of the bond and analogized to *People v. Allied Fidelity Insurance Company* (1978) 82 Cal.App.3d 242 (*Allied*), which interpreted appearance for pronouncement of judgment or grant of probation. (§ 1287.)

The court agreed that defendant appeared, but expressed uncertainty whether the appearance was sufficient. He ultimately denied the motion because—at the defendant's request—the matter did not conclude while the defendant was present and invited defense counsel to seek appellate review.

The parties agree that the only case interpreting "appearance" as used in section 1305, subdivision (c)(1), is *People v. Ranger Ins. Co.* (2005) 133 Cal.App.4th 1000 (*Ranger*). In *Ranger*, *supra,* 133 Cal.App.4th 1000, when the defendant for whom the surety posted bail failed to appear, the court declared the bail forfeited and issued an arrest warrant. According to the court's docket, two days later, the defendant went to the clerk's office, and, as a result, the matter was recalendared for a date four days later. (*Id*. at p. 1001.) Again, the defendant failed to appear. After the expiration of the exoneration period, the court entered summary judgment and mailed notice of forfeiture to the surety. The surety moved to set aside the summary judgment and sought relief from forfeiture. The court denied the motion, and the Court of Appeal affirmed the judgment, reasoning: "The plain language of section 1305, subdivision (c)(1) requires the defendant to appear 'in court.' An appearance in the courthouse vestibule, hallway, restroom, or clerk's office is not an appearance in court. We presume that had the Legislature intended an appearance in the clerk's office to suffice, it would have said so. We have no power to add language to the statute. The defendant's appearance in the clerk's office is simply not sufficient." (*Ranger*, *supra*, at p. 1002.)

Like the *Ranger* court, the parties here rely on the statute's "plain language." Accredited argues that the statute merely requires that the defendant appear "in court."

(*Ranger*, *supra*, 133 Cal.App.4th at p. 1002.) The county refers us to Black's Law Dictionary which defines "appearance" as " 'the overt act by which one against whom suit has been commenced submits himself to the court's jurisdiction . . . .' " (Black's Law Dict. (10th ed. 2014) p. 118, col. 2, quoting 4 Am.Jur.2d (1995) Appearance, § 1, p. 620.) The county's effort to compare defendant's multiple appearances before the trial judge during the course of the morning calendar to the *Ranger* defendant's request to the clerk to recalendar the matter reveals the difference—rather than the similarity— between the two. Here the defendant submitted himself to the court's jurisdiction and— had the judge not indulged defendant's request to pass the matter—to the prospect of being remanded. Since the defendant's previous failure to appear led to his arrest on a warrant and forfeiture of that bail, the possibility that he would be returned to custody was real.

In its effort to expand section 1305, subdivision (c)(1)'s requirement that a defendant voluntarily appear, the county urges us to "determine the Legislature's intent so as to effectuate the law's purpose." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) With that objective, the county relies on the interpretation of "appear" as used in section 1287. (*Allied, supra,* 82 Cal.App.3d 242.) Unlike *Ranger*, *supra*, 133 Cal.App.4th 1000, *Allied* addresses whether the defendant's failure to appear triggered bail forfeiture under the specific conditions of the bond. (*Allied, supra,* at pp. 244–245.) "The undertaking of the corporate bail bond was that the defendant would appear on the date set for arraignment and would at all times hold himself amenable to the orders and process of the court, and 'if convicted, will appear for pronouncement of judgment or grant of probation.' " (*Id.* at p. 244.) Defendant appeared for sentencing, at which time the court ordered that the proceedings be suspended and that he be placed on probation. The court passed the matter to consider probation conditions. (*Id.* at pp. 244–245.) The defendant did not appear when the matter was recalled; the court forfeited bail and issued a warrant. The surety moved to vacate the forfeiture, arguing variously that defendant's nonappearance occurred "after being sentenced" and that "the defendant appeared for sentencing" as required by the bond.

(*Id.* at p. 245.) The Court of Appeal rejected both claims, concluding: "The condition of the bond that [defendant] 'appear for pronouncement of judgment or grant of probation' was not satisfied by [defendant's] being there for a portion of that process." (*Id.* at p. 246.) Defendant was out of custody on a bond pursuant to section 1287 "which provides in pertinent part that the bond shall guarantee that the defendant '. . . if convicted, will appear for pronouncement of judgment or grant of probation.' " (*Ibid.*) The court held that the bond remained in effect until completion of the pronouncement of judgment or grant of probation and that defendant departed before completion of the grant of probation in violation of the terms of the bond. (*Id.* at pp. 247–248.) *Allied* is inapposite: Its holding is not based on the definition of "appear," but rather on the additional statutory and bond requirement that a defendant "appear *for pronouncement of judgment or grant of probation.*" (*Ibid.*; § 1287, italics added.)

Section 1305 subdivision (c)(1) is unambiguous. "The plain language of section 1305, subdivision (c)(1) requires the defendant to appear 'in court.' " (*Ranger*, *supra*, 133 Cal.App.4th at p. 1002.) Within the exoneration period, defendant voluntarily appeared in court, subjected himself to its jurisdiction, and remained throughout the morning calendar. The court having failed to vacate the forfeiture and to exonerate the bail on its motion, by operation of law the forfeiture was vacated and the bail exonerated. (§ 1305, subd. (c)(1).)

## DISPOSITION

The judgment is reversed. The forfeiture is vacated, and the bail bond is exonerated. Appellant shall be entitled to recover its costs on appeal.

_____
Ross, J.*

We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.


A150209


_____
* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

<u>People v. Accredited Surety & Casualty Co.</u>

(A150209)

Trial Court:          Alameda County

Trial Judge:         Hon. Gail Brewster Bereola

Attorneys:         Law Office of John Rorabaugh, John M. Rorabaugh, Crystal L. Rorabaugh for Defendant and Appellant.

                           Donna R. Ziegler, County Counsel, Scott J. Feudale, Deputy County Counsel for Plaintiff and Respondent.