[No. B118328. Second Dist., Div. Five. Sept. 9, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
AMERICAN CONTRACTORS INDEMNITY, Defendant and Appellant.

## COUNSEL

Mazo & Vidor and Paul M. Vidor for Defendant and Appellant.

Gil Garcetti, District Attorney, Patrick D. Moran, and Otis L. Hubbard, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

## TURNER, P. J.—

### I. INTRODUCTION

American Contractors Indemnity (American) appeals from an order denying its motion to vacate a forfeiture and to have its bond exonerated pursuant to Penal Code section 1305.[1] The motion sought to set aside the bail forfeiture on the grounds specified in section 1305, subdivision (g). The motion to vacate the forfeiture was denied because only 12 days' notice of hearing was given. American contends that 12 days' written notice of hearing on the motion to vacate the bail forfeiture was legally sufficient. American relies on the provisions of section 1305, subdivision (c)(4), which provide that a trial court has the discretion to give the prosecuting attorney up to 10 days' notice of a hearing on a motion to vacate a bail forfeiture under specified circumstances, none of which apply to the present case and which will be enumerated later in this opinion. The People argue they were entitled to 15 days' notice of hearing on American's motion to vacate the forfeiture pursuant to the provisions of Code of Civil Procedure section 1005, subdivision (b). We conclude the People are correct; when a surety attempts to set aside a bail forfeiture on the grounds specified in section 1305, subdivision (g), the provisions of Code of Civil Procedure section 1005, subdivision (b) govern the length of notice of hearing to be given to the prosecuting attorney.

### II. BACKGROUND

On December 30, 1996, the bail agent of American posted a $30,000 bail bond for the release of defendant, Daniel Niebla. On March 14, 1997, defendant failed to appear and bail was ordered forfeited. On March 25, 1997, the clerk of the court mailed a notice of order forfeiting bail to American and its bail agent, Ed L. Cook Bail Bonds. At some time prior to September 26, 1997, American filed a motion for extension of time pursuant to section 1305.4. On September 26, 1997, the trial court granted an extension of time up to and including November 26, 1997, to file a motion to set aside the forfeiture.

On November 14, 1997, American filed and personally served on the Office of the Los Angeles County District Attorney a document entitled "supplemental notice of motion and motion to vacate forfeiture and exonerate bond . . . ." The personally served motion was set by American for a

---

[1]All further statutory references are to Penal Code unless otherwise indicated.

hearing, 12 days later, on November 26, 1997. The motion was brought on the ground American had located defendant in Mexico. Defendant had been detained and identified by the Mexican authorities. American argued that section 1305, subdivision (g) required the trial court to exonerate the bond where the district attorney's office elected not to seek extradition.

On November 26, 1997, the trial court denied the motion to vacate on the ground the 12-day notice of the hearing was insufficient. American filed a notice of appeal from the trial court decision to deny the motion to vacate the forfeiture, an appealable order. (*Newman* v. *Superior Court* (1967) 67 Cal.2d 620, 621 [63 Cal.Rptr. 284, 432 P.2d 972]; *County of Los Angeles* v. *Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 12, fn. 1 [82 Cal.Rptr.2d 214].)

## III. DISCUSSION

### A. *The Forfeiture Statutes and the Parties' Positions*

Under section 1305, subdivision (a), a court is required to declare a forfeiture of bail where the defendant fails to appear in court without sufficient excuse. If the amount of the bail exceeds $400, the clerk of the court is required to mail notice of the forfeiture to the surety within 30 days of the forfeiture. (§ 1305, subd. (b).[2]) There are several statutorily enumerated circumstances in section 1305, subdivision (c) where the court, on its own motion, must vacate the forfeiture order and exonerate the bond. The statutorily enumerated circumstances are where: the accused appears voluntarily or in custody in court after surrender or arrest (§ 1305, subd. (c)(1)); the accused is surrendered by the surety in the county where the case is pending and is released prior to appearance in court (§ 1305, subd. (c)(2)); or the defendant is arrested in the "underlying case" outside the county where

---

[2]Section 1305, subdivision (b) provides: "If the amount of the bond or money or property deposited exceeds four hundred dollars ($400), the clerk of the court shall, within 30 days of the forfeiture, mail notice of the forfeiture to the surety or the depositor of money posted instead of bail. At the same time, the court shall mail a copy of the forfeiture notice to the bail agent whose name appears on the bond. The clerk shall also execute a certificate of mailing of the forfeiture notice and shall place the certificate in the court's file. If the notice of forfeiture is required to be mailed pursuant to this section, the 180-day period provided for in this section shall be extended by a period of five days to allow for the mailing. [¶] If the surety is an authorized corporate surety, and if the bond plainly displays the mailing address of the corporate surety and the bail agent, then notice of the forfeiture shall be mailed to the surety at that address and to the bail agent, and mailing alone to the surety or the bail agent shall not constitute compliance with this section. [¶] The surety or depositor shall be released of all obligations under the bond if any of the following conditions apply: [¶] (1) The clerk fails to mail the notice of forfeiture in accordance with this section within 30 days after the entry of the forfeiture. [¶] (2) The clerk fails to mail the notice of forfeiture to the surety at the address printed on the bond. [¶] (3) The clerk fails to mail a copy of the notice of forfeiture to the bail agent at the address shown on the bond."

the matter is pending and is surrendered to custody by the surety prior to appearance in court (§ 1305, subd. (c)(3)). (§ 1305, subd. (c)(1)-(4)[3]; see *County of San Bernardino* v. *Ranger Ins. Co.* (1995) 34 Cal.App.4th 1140, 1148 [41 Cal.Rptr.2d 57].) All of these circumstances set forth in section 1305, subdivision (c) arise when the accused is either in court or has been arrested.

Rather, American claims that it established a right to vacate the forfeiture and exonerate the bail obligation, pursuant to section 1305 subdivision (g), because defendant has been located in Mexico and the Office of the Los Angeles District Attorney has elected not to extradite him. Section 1305, subdivision (g) provides: "In all cases of forfeiture where a defendant is not in custody and is beyond the jurisdiction of the state, is temporarily detained, by the bail agent, in the presence of a local law enforcement officer of the jurisdiction in which the defendant is located, and is positively identified by that law enforcement officer as the wanted defendant in an affidavit signed under penalty of perjury, and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just and

---

[3]Section 1305, subdivision (c) provides: "(1) If the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if the notice is required under subdivision (b), the court shall, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. An order vacating the forfeiture and exonerating the bond may be made on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release. [¶] (2) If, within the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, and is subsequently released from custody prior to an appearance in court, the court shall, on its own motion, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. An order vacating the forfeiture and exonerating the bond may be made on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release. [¶] (3) If, outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, the court shall vacate the forfeiture and exonerate the bail. [¶] (4) Except as provided in paragraphs (1) and (2), the court, in its discretion, may require that the bail provide 10 days' prior notice to the applicable prosecuting agency, as a condition precedent to vacating the forfeiture. The notice may be given by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person or through an attorney. A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause. [¶] In lieu of exonerating the bond, the court may order the bail reinstated and the defendant released on the same bond if both of the following conditions are met: [¶] (A) The bail is given prior notice of the reinstatement. [¶] (B) The bail has not surrendered the defendant."

do not exceed the terms imposed in similar situations with respect to other forms of pretrial release." (See *People* v. *Frontier Pacific Ins. Co.* (1999) 69 Cal.App.4th 1093, 1096-1099 [81 Cal.Rptr.2d 921].) American argues the trial court erred in determining notice of the personally served motion to set aside the forfeiture was "defective" because the People received only 12, rather than 15, days' notice as required by Code of Civil Procedure, section 1005, subdivision (b).[4] As noted above, American filed a motion to vacate forfeiture pursuant to section 1305, subdivision (g). Subdivision (g), which relates to forfeiture where a defendant is not in custody and is beyond the jurisdiction of the state and the prosecuting attorney elects not to extradite, was added by amendment to section 1305 in 1995. (Stats. 1995, ch. 434, § 1; *People* v. *Frontier Pacific Ins. Co., supra,* 69 Cal.App.4th at p. 1096; *County of Orange* v. *Ranger Ins. Co.* (1998) 61 Cal.App.4th 795, 800 [71 Cal.Rptr.2d 811].) As noted previously (*ante,* at pp. 1042-1043), section 1305, subdivision (g) contains no specific procedural provisions, concerning notice, a motion by the bail or the right to a hearing with respect to setting aside the forfeiture when a defendant is not in custody and the prosecuting attorney elects not to extradite. The parties disagree as to what the absence of such language means. A determination on a motion to set aside a bail forfeiture is discretionary and will not be disturbed on appeal unless an abuse appears in the record. (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 656 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174]; *People* v. *Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1383 [59 Cal.Rptr.2d 777].)

## B. *12 Days' Notice of Hearing Was Inadequate*

This is an issue of statutory interpretation. We apply the following standard of statutory review described by the California Supreme Court: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218]; *People* v.

---

[4]Section 1005, subdivision (b) of the Code of Civil Procedure provides in part: "(a) Written notice shall be given, as prescribed in subdivision (b), for the following motions: [¶] . . . [¶] (13) Any other proceeding under this code in which notice is required and no other time or method is prescribed by law or by court or judge. [¶] (b) Unless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 15 calendar days before the time appointed for the hearing. The moving and supporting papers served shall be a copy of the papers filed or to be filed with the court. However, if the notice is served by mail, the required 15-day period of notice before the time appointed for the hearing shall be increased by five days if the place of mailing and the place of address are within the State of California . . . ."

*Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) The Supreme Court has emphasized that the words in a statute selected by the Legislature must be given a "commonsense" meaning when it noted: " 'Our first step [in determining the Legislature's intent] is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning. (*Mercer* v. *Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 . . . ; *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 . . . .)' (*People* v. *Valladoli* (1996) 13 Cal.4th 590, 597 . . . .)" (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) Further, our Supreme Court has noted: " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' " (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) However, the literal meaning of a statute must be in accord with its purpose as the Supreme Court noted in *Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 658-659 [25 Cal.Rptr.2d 109, 863 P.2d 179] as follows: "We are not prohibited 'from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute]. . . .' " In *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299], our Supreme Court added: "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation] . . . ." The Supreme Court has held: " 'The courts must give statutes a reasonable construction which conforms to the apparent purpose and intention of the lawmakers.' (*Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801, 813 . . . .)" (*Webster* v. *Superior Court* (1988) 46 Cal.3d 338, 344 [250 Cal.Rptr. 268, 758 P.2d 596].) Further, the Supreme Court has held: "We have recognized that a wide variety of factors may illuminate the legislative design, ' "such as context, the object in view, the evils to be remedied, the history of the time and of legislation upon the same subject, public policy and contemporaneous construction." ' (*In re Marriage of Bouquet* [(1976)] 16 Cal.3d 583, 587, quoting *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688 . . . .)" (*Walters* v. *Weed* (1988) 45 Cal.3d 1, 10 [246 Cal.Rptr. 5, 752 P.2d 443].)

█ The purpose of bail and forfeiture statutes is to ensure the attendance of the accused and his obedience to court orders and judgments. (*People* v.

*Wilcox, supra,* 53 Cal.2d at pp. 656-657; *County of Los Angeles* v. *Ranger Ins. Co., supra,* 70 Cal.App.4th at p. 16; *In re Samano* (1995) 31 Cal.App.4th 984, 992 [37 Cal.Rptr.2d 491].) It does not have as a goal revenue for the state or punishment of the surety. (*People* v. *Wilcox, supra,* 53 Cal.2d at p. 657; *County of Los Angeles* v. *Ranger Ins. Co., supra,* 70 Cal.App.4th at p. 16.) Moreover, because the law disfavors forfeitures and statutes imposing them, the statutes are strictly construed in favor of the surety to avoid harsh results. (*People* v. *Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 921 [66 Cal.Rptr.2d 29]; *People* v. *Ranger Ins. Co., supra,* 51 Cal.App.4th at p. 1384; *People* v. *American Bankers Ins. Co.* (1991) 227 Cal.App.3d 1289, 1294 [278 Cal.Rptr. 314].)

■ American contends the 12-day notice was sufficient under section 1305, subdivision (c)(4) which, as previously noted, provides in part: "[T]he court, in its discretion, may require that the bail provide 10 days' prior notice to the applicable prosecuting agency, as a condition precedent to vacating the forfeiture. The notice may be given by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person or through an attorney. A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause." According to American, under subdivision (c)(4) of section 1305, only 10 days' notice of motion when it is personally served on the district attorney is required before relief under subdivision (g) may be granted from a forfeiture.

Since its enactment in 1872, section 1305 has been amended on numerous occasions. The statute has varied significantly with respect to the requirement of a motion, the right to a hearing, and notice to the district attorney or other prosecuting official before the surety may obtain relief from the forfeiture.[5] Prior to 1985, section 1305 specifically required a noticed motion for any order to set aside a forfeiture as follows: "*Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief, with proof of service upon the district attorney or other*

---

[5]American argues, "Historically, under the provisions of Penal Code section 1305, it has always been a requirement that any motion to vacate a forfeiture and exonerate bond have to be made with a 10 day notice of the prosecuting agency (please see previous provisions of Penal Code section 1305.)" As discussed below, we have accepted American's invitation to examine the prior statutes but find they contain nothing to support American's position. Rather, American has mistaken the notice provision of the current statute with the requirements of a hearing that have been included and eliminated by the Legislature on several different occasions since the enactment of section 1305.

*prosecuting attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of Code of Civil Procedure.* Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice an appear either in person or by attorney. Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination." (Stats. 1972, ch. 1114, § 1, pp. 2125-2126, italics added.)

In 1985, section 1305 was amended to address notice requirements before the surety could obtain relief from forfeiture when the defendant was surrendered or a disability was established. (Stats. 1985, ch. 1486, § 1, p. 5482.) Former section 1305 provided: *"Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without notice by the bail to the district attorney or prosecuting attorney, who may request a hearing within 10 days after receipt of the notice.* The court shall then set the date, time, and place of hearing and give notice to the district attorney or prosecuting attorney and to the bail. . . ." (Stats. 1985, ch. 1486, § 1, p. 5482, italics added.) The amendment eliminated the requirement that the surety request a hearing and give notice of the motion to set aside the forfeiture. (See *People* v. *American Bankers Ins. Co.* (1991) 233 Cal.App.3d 561, 566-567 [284 Cal.Rptr. 617] [interpreting former section 1305].) However, the statute was interpreted to mean that: relief from a forfeiture was not automatic but still required the affirmative act of notice, "by application," on the part of the surety to obtain relief. (233 Cal.App.3d at pp. 566-567, 570.) The statute provided for a less formal procedure which eliminated the need for a hearing on the application, unless, after receiving such an application, a hearing was requested by the prosecution. (*Ibid.*)

In 1993, section 1305 was repealed (Stats. 1993, ch. 524, § 1) and replaced with an new statute which dealt with the nonappearance of the defendant, vacating forfeiture, and exoneration of bonds. (*Ibid.*) Since 1993, although the statute has been amended in many other respects, the language of subdivision (c), relating to notice to vacate forfeiture where the defendant has appeared, has been surrendered, or is in custody, has remained the same. The language provides: "[*T*]he court, in its discretion, may require that the bail provide 10 days' prior notice to the applicable prosecuting agency, as a condition precedent to vacating the forfeiture. The notice may be given by the surety insurer, the bail agent, the surety, or the depositor of money or property, any of whom may appear in person or through an attorney. A

motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause." (§ 1305, subd. (c)(4), italics added.)

As reenacted, section 1305, created a significant change in the law regarding requirements for vacating forfeiture when the defendant has appeared, has been surrendered, or is in custody. (§ 1305, subd. (c)(1)-(4); *County of San Bernardino* v. *Ranger Ins. Co., supra*, 34 Cal.App.4th at pp. 1148, 1150.) At present, the statute does not require a motion by the surety or even make reference to a right to a hearing by the prosecuting attorney where the defendant fits into the specific criteria set forth in section 1305, subdivision (c)(1) through (4). (§ 1305, subd. (c)(1)-(4); *County of San Bernardino* v. *Ranger Ins. Co., supra*, 34 Cal.App.4th at pp. 1148, 1150.)

In fact, the 1993 amendment, which was effective January 1, 1994, established the following rule of surety law when the defendant surrenders within the 180 days, "[E]xoneration of bail is automatic upon the surrender of a defendant, without the need of moving to set aside the forfeiture." (*County of San Bernardino* v. *Ranger Ins. Co., supra*, 34 Cal.App.4th at p. 1148.) The court has a duty to vacate the forfeiture on its own initiative and the surety is not required to make a motion. (*Id.* at p. 1150.) The court, however, has discretion to determine, as a condition precedent to vacating the forfeiture, whether notice of an application is to be provided to the applicable prosecuting agency. (§ 1304, subd. (c)(4).)

Reading section 1305 as a whole shows that the maximum 10-day notice requirement in subdivision (c)(4) was meant to apply only when the defendant falls into the specific criteria set forth therein. The section 1305, subdivision (c) scenarios are limited in scope. The potential situations of section 1305, subdivision (c) apply only when the accused is either in court or has been arrested or otherwise taken into custody. No notice of an order vacating a forfeiture within the 180-day time period or any extensions would necessarily always be required. In any case, where the absconding defendant is in custody before the trial judge, no useful purpose is typically served by requiring additional law and motion litigation; the accused has been returned to custody within the statutory period and the surety is entitled to have the forfeiture vacated. Similar considerations apply to fugitives who are taken into custody outside the county where the case is pending as enumerated in section 1305, subdivision (c)(3).

However, the present case involves the distinct factual considerations set forth in section 1305, subdivision (g). There is no evidence the Legislature intended what may be described as the "expedited notice" provisions of

section 1305, subdivision (c)(4) where the accused has been in custody in the very county where the criminal case is pending to apply to an absconding defendant who has fled to another nation. None of the committee reports prepared in connection with the adoption of section 1305, subdivision (g) indicate any legislative intent that the expedited notice provisions of section 1305, subdivision (c)(4) were to apply to motions to set aside a bail forfeiture when the defendant had absconded to another nation. (See Rep. prepared for Sen. Com. on Criminal Procedure on Sen. Bill No. 1245 (1995-1996 Reg. Sess.) May 9, 1995; Rep. prepared by Sen. Rules Com., Office of Sen. Floor Analyses on Sen. Bill No. 1245 (1995-1996 Reg. Sess.) May 16, 1995; Rep. prepared for Assem. Com. on Public Safety on Sen. Bill No. 1245 (1995-1996 Reg. Sess.) July 11, 1995; Rep. prepared by Sen. Rules Com., Office of Sen. Floor Analyses on Sen. Bill No. 1245 (1995-1996 Reg. Sess.) July 15, 1995; Rep. prepared for Sen. third reading on Sen. Bill No. 1245 (1995-1996 Reg. Sess.).)

In this case, the surety's motion to vacate forfeiture, under subdivision (g) of section 1305, was based on the following factual allegations: the defendant was not in custody; the defendant had been located beyond the jurisdiction in Mexico; and the district attorney refused to extradite. Moreover, the parties are disputing factual issues including the identity of the defendant and whether the district attorney has actually elected not to extradite. Before relief from forfeiture may be granted under section 1305, subdivision (g), the circumstances of each case must be examined to determine whether the bail agent has made a showing that the terms of that section have been satisfied. (*County of Orange* v. *Ranger Ins. Co.*, *supra*, 61 Cal.App.4th at pp. 802-805.) This includes whether the bail agent has made a factual showing that the applicable prosecuting agent has not elected to extradite the defendant where extradition is feasible. (*Ibid.*) The Court of Appeal has held: "The term elect implies a choice of options. (See Am. Heritage Dict. (2d college ed. 1982) p. 442 [Elect means, 'To make a choice of selection.'].) And under section 1305, subdivision (g), the implication is that the prosecutor will have the option whether or not to seek extradition. When extradition is not feasible, there can be no meaningful election whether to seek extradition, and the conditions for forfeiture relief have not been satisfied." (*County of Orange* v. *Ranger Ins. Co.*, *supra*, 61 Cal.App.4th at p. 802.) Such a showing must be made by a properly noticed motion to establish the circumstances of subdivision (g) of section 1305 regarding relief from the forfeiture has been satisfied. Furthermore, requiring such a properly noticed motion is consistent with the surety's contract whereby it assumed the risk that defendant would not appear and for which it was compensated. (*People* v. *Ranger Ins. Co.* (1988) 61 Cal.App.4th 812, 819 [71 Cal.Rptr.2d 806]; *County of Orange* v. *Ranger Ins. Co.*, *supra*, 61

Cal.App.4th at p. 805, fn. 6.) ■ It is inconceivable that the Legislature intended the provisions of section 1305, subdivision (c)(4) to apply where the defendant is located in another country by the bail agent but is not in custody. Such would not be a commonsense interpretation of the bail forfeiture statutes as a whole, particularly in the absence of historical evidence such was intended by the Legislature. Our views in this regard are consistent with those of the courts which have refused to apply subdivisions of section 1305 to all bail forfeiture situations. (See *County of Los Angeles* v. *National Automobile & Casualty Ins. Co.* (1998) 67 Cal.App.4th 271, 274-279 [79 Cal.Rptr.2d 5] [refusing to "clon[e]" 30-day language of § 1305, subd. (c)(4) and "graft[] it wholesale" onto subd. (e)]; *People* v. *Ranger Ins. Co., supra,* 61 Cal.App.4th 812, 817-818 [concluding subd. (c)(3) of § 1305 was inapplicable to subd. (f) for a defendant arrested in a foreign country].)

In the absence of a specific statute providing for notice of relief from forfeiture when the defendant is not in custody in a foreign country and the prosecuting attorney refuses to extradite, the general notice provisions of Code of Civil Procedure section 1005 apply. Because a motion to vacate forfeiture is civil in nature (*People* v. *Wilcox, supra,* 53 Cal.2d at p. 654; *People* v. *Hadley* (1967) 257 Cal.App.2d Supp. 871, 877 [64 Cal.Rptr. 777]), Code of Civil Procedure section 1005, subdivision (b), which requires 15 days' notice, applies to the circumstances of this case. Because the motion to extend only gave 12 days' notice, it was untimely. (Code Civ. Proc., § 1005, subd. (b); *In re Marriage of O'Connell* (1992) 8 Cal.App.4th 565, 574 [10 Cal.Rptr.2d 334]; *Stebbins* v. *Gonzales* (1992) 3 Cal.App.4th 1138, 1146 [5 Cal.Rptr.2d 88].) The parties do not dispute that if the notice was untimely, the trial court acted within its discretion in denying it.

## IV. DISPOSITION

The order under review is affirmed. The People are awarded their costs on appeal.

Grignon, J., and Armstrong, J., concurred.