[No. B202469. Second Dist., Div. Five. Apr. 28, 2009.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v. FAIRMONT SPECIALTY GROUP, Defendant and Appellant.

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Raymond G. Fortner, Jr., County Counsel, and Brian T. Chu, Principal Deputy County Counsel, for Plaintiff and Respondent.

OPINION

MOSK, J.—

## INTRODUCTION

Under Penal Code section 1305, subdivision (g),[1] when bail is forfeited because a defendant has fled the jurisdiction of California, if the local law enforcement agency "elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond . . . ." We hold that when an extradition request would be futile or not feasible, no election can be made, and the forfeiture will not be vacated and the bond not exonerated. We further hold that there is sufficient

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

evidence to support the trial court's conclusion that it was not feasible for the fugitive to be extradited from Honduras.

## BACKGROUND

Defendant and appellant Fairmont Specialty Group (Fairmont) posted a $30,000 bail bond for the release from custody of Carlos Montes, who had been charged with a drug offense—violation of Health and Safety Code section 11351.5 (possession of cocaine base for sale). Violating an order, Montes failed to appear at a hearing, and the bond was forfeited. Fairmont filed a motion to vacate the forfeiture and exonerate the bond on the ground that the prosecuting agency elected not to extradite Montes, a Honduran national who had been detained and identified in Honduras by Fairmont's agent.

Plaintiff and respondent County of Los Angeles (County) submitted a declaration of Deputy District Attorney Diana Carbajal, who was assigned to the Extradition Services Unit and was responsible for evaluating cases for suitability for extradition and for preparing the necessary documentation to submit to the Office of International Affairs (OIA), an office within the Criminal Division of the United States Department of Justice. The OIA processes all extraditions from foreign states.

In her declaration, Ms. Carbajal stated that since the 1988 Vienna Drug Convention (United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances, Dec. 20, 1988, entered into force Nov. 11, 1990, 1582 U.N.T.S. 164, 28 I.L.M. 493 (1989)), there has been only one extradition of a Honduran citizen to the United States for drug offenses. She further stated that her search of the records revealed that since 1988, the Los Angeles District Attorney's office had attempted on seven occasions to extradite from Honduras a citizen of Honduras, and none of those attempts was successful. Ms. Carbajal, in her legal argument, noted that the bilateral extradition treaty between the United States and Honduras does not require either state to deliver its own citizens to the other. (Treaty for the Extradition of Fugitives from Justice, signed Jan. 15, 1909, entered into force July 10, 1912, 37 Stat. 1616; Supplementary Extradition Convention, signed Feb. 21, 1927, entered into force June 5, 1928, 45 Stat. 2489 (Treaty).) She also pointed out that the Constitution of Honduras does not allow extradition of its citizens. (See VII Blaustein & Flanz, Constitutions of the Countries of the World, Booklet 1 (1997) Republic of Honduras, art. 102, p. 23 ["No Honduran may be extradited nor handed over to the authorities of a foreign

state"].) Fairmont supplied no rebuttal evidence on the issue of whether extradition in this case was feasible.

The trial court found that under *County of Orange v. Ranger Ins. Co.* (1998) 61 Cal.App.4th 795 [71 Cal.Rptr.2d 811] (*County of Orange*), it was not feasible to extradite Montes from Honduras. The trial court denied the motion to vacate the forfeiture and to exonerate the bond and entered summary judgment in favor of the County on the forfeited bond. Fairmont timely filed a notice of appeal from the orders denying the motion and granting summary judgment.

## DISCUSSION

### A. *Standard of Review*

An order denying a motion to vacate or set aside a forfeiture and exonerate the bail bond is an appealable order. (*County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 146; *People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1382 [59 Cal.Rptr.2d 777].)[2] "The abuse of discretion standard applies to the trial court's resolution of a motion to set aside a bail forfeiture (*People v. Legion Ins. Co.* (2002) 102 Cal.App.4th 1192, 1195 [126 Cal.Rptr.2d 172] . . .), subject to constraints imposed by the bail statutory scheme. '[W]hen a statute requires a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, or to act subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.' (*People v. Ranger Ins. Co.*[, *supra*,] 51 Cal.App.4th [at p.] 1384 . . . (*Ranger '96*).) ' "The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citations.] Thus, Penal Code sections . . . dealing with forfeiture of bail bonds must be strictly

---

[2] As is typical, the bond in this case authorized summary judgment after a forfeiture. Such a judgment has been considered a nonappealable consent judgment, except when not entered in compliance with the requirements of the applicable provisions. Thus, a summary judgment entered in noncompliance with the consent given is appealable. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 663–664 [16 Cal.Rptr.3d 76, 93 P.3d 1020]; *County of Los Angeles v. Fairmont Specialty Group, supra*, 173 Cal.App.4th 146, 151, fn. 5; *People v. Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216 [119 Cal.Rptr. 917]; but see *County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 60 [208 Cal.Rptr. 263] ["While the summary judgment is regarded as a 'consent' judgment, it is now established that the judgment, a final determination of the rights of the parties, is appealable"].) As we hold there was compliance with section 1305, it is theoretically arguable that the summary judgment is not appealable. (*County of Los Angeles v. American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 795 [52 Cal.Rptr.2d 75].) Nevertheless, as noted, the order denying the motion to vacate the forfeiture and exonerate the bond is appealable.

construed in favor of the surety to avoid the harsh results of a forfeiture." [¶] The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond.' (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263] (*Surety Ins. Co.*).)" (*County of Orange v. Lexington Nat. Ins. Corp.* (2006) 140 Cal.App.4th 1488, 1491–1492 [45 Cal.Rptr.3d 543]; see *People v. American Contractors Indemnity* (1999) 74 Cal.App.4th 1037, 1043 [88 Cal.Rptr.2d 572] ["A determination on a motion to set aside a bail forfeiture is discretionary and will not be disturbed on appeal unless an abuse appears in the record"].) As the Supreme Court has noted, however, "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712 [76 Cal.Rptr.3d 250, 182 P.3d 579], fns. omitted.) Accordingly, we review the interpretation of section 1305, subdivision (g) de novo (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960]), and the trial court's finding of lack of feasibility under the substantial evidence test.

### B.  *Section 1305, subdivision (g)*

█  " 'The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court.' " (*People v. American Contractors Indemnity Co., supra*, 33 Cal.4th at p. 657.) Section 1305 provides that bail is to be forfeited if the defendant fails to appear when lawfully required to do so. That section sets forth situations when the forfeiture must be vacated and the bond exonerated. We are presented here with one of those situations.

Section 1305, subdivision (g) states: "In all cases of forfeiture where a defendant is not in custody and is beyond the jurisdiction of the state, is temporarily detained, by the bail agent, in the presence of a local law enforcement officer of the jurisdiction in which the defendant is located, and is positively identified by that law enforcement officer as the wanted defendant in an affidavit signed under penalty of perjury, and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on

terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release."

■ In *County of Orange, supra*, 61 Cal.App.4th 795, the prosecuting agency did not seek extradition from Mexico of a Mexican national convicted of a drug offense. The Court of Appeal affirmed the trial court's decision not to vacate the forfeiture order and not to exonerate the bond. The court said that when "extradition is not a feasible option for the prosecuting agency," its failure to seek extradition is not an election not to do so because "[t]he term elect implies a choice of options." (*Id.* at p. 802.) "Extradition will be deemed infeasible when the host country, as a matter of policy and practice, refuses to grant extradition requests in the category of cases involved in the controversy at hand." (*Id.* at p. 803.) The court concluded that "[b]ecause the record here clearly proves gaining [defendant's] extradition from Mexico was not feasible," the trial court properly denied the motion to vacate the forfeiture order. (*Id.* at pp. 804–805.)

■ This court has agreed with the court's interpretation in *County of Orange, supra*, 61 Cal.App.4th 795, that under section 1305, subdivision (g), if a request for extradition is not feasible and therefore would be futile, " 'there can be no meaningful election whether to seek extradition, and the conditions for forfeiture relief have not been satisfied.' " (*People v. American Contractors Indemnity, supra*, 74 Cal.App.4th at p. 1048; *County of Orange, supra*, 61 Cal.App.4th at p. 802.) It is well established that "[n]o election can be made by anyone between something and nothing. There is no alternative. The term necessarily connotes at least two things between which a choice can be made." (*Doyle v. Doyle* (1893) 50 Ohio St. 330 [34 N.E. 166, 167]; see also *State v. Henness* (1997) 79 Ohio St.3d 53 [1997 Ohio 405, 679 N.E.2d 686, 692] ["The word 'elect' implies a choice between inconsistent alternatives"]; *Larson v. Albers* (1925) 53 N.D. 340 [205 N.W. 875, 876] ["A motion that one be required to elect implies freedom of choice between two or more alternatives, all of which are open, and, after inducing a choice to be made upon the hypothesis that the various alternatives were available . . ."].)

■ If the situation is such that the prosecutor has no meaningful choice because extradition is not feasible, the prosecutor cannot elect whether or not to seek extradition. Thus, a statutory condition to vacating the forfeiture and exonerating the bond cannot be met. This interpretation of section 1305, subdivision (g), renders unnecessary any express language that infeasibility of extradition precludes relief from forfeiture of the bond.

### C. *Substantial Evidence*

■ The feasibility of extradition in a particular case is a question of fact, for it depends on a foreign state's practices at a particular time. (See *Estate of*

*Arbulich* (1953) 41 Cal.2d 86, 89–90 [257 P.2d 433] [in connection with practices of foreign states on inheritance, "A finding by the trial court on the issue of reciprocity is to be treated like a finding on any other issue of fact and if there is evidence to support it such finding will not be disturbed on appeal"].) The facts are undisputed that the Treaty provides that Honduras is not required to extradite its citizens and that Honduras has refused to comply with all requests originated by the Los Angeles County District Attorney's office since 1988. Fairmont submitted no evidence that extradition was feasible. Ms. Carbajal relied on, inter alia, inquiries of the OIA regarding the feasibility of extradition. She noted that constitutions of Latin American countries that preclude extradition of their citizens conflict with those treaties that require extradition. Here there this is no such conflict, for the treaty between Honduras and the United States does not require extradition by one of the parties of its own citizens.

Ms. Carbajal noted that extradition is possible from a Latin American country, either because the foreign country is reciprocating for the return of one of its fugitives or when a "big time" drug dealer is involved. But there was no indication that these exceptions were applicable here or that Honduras would be amenable to extradition even if those circumstances existed.[3]

The court in *County of Orange, supra*, 61 Cal.App.4th at page 803, cited a number of authorities for the proposition that extradition from Mexico was not feasible in that case. Authorities likewise support the proposition here that extradition from Honduras is not feasible. (See, e.g., *Matta-Ballesteros v. Henman* (7th Cir. 1990) 896 F.2d 255, 256 ["Honduras does not extradite its own citizens . . ."]; Analytical Report of the Secretariat, Implementation of the United Nations Convention Against Transnational Organized Crime: Updated Information Based on Additional Responses Received from States for the Frst Reporting Cycle (2005) CTOC/cop/2005/2/Rev. 1, pp. 19, 32, fn. 38 [Honduras "reported that [its] domestic legal framework did not permit the extradition of nationals"].)

■   There is substantial evidence to support the trial court's determination that in this case it was not feasible to obtain extradition of Montes, a Honduran citizen, from Honduras for what appears to be a routine drug offense. Accordingly, the trial court did not abuse its discretion in not vacating the forfeiture or ordering the exoneration of the bond.

---

[3] Feasible means "practicable—i.e., capable of being done or carried out. It does not mean 'possible' or 'probable' . . . ." (Garner, Modern Legal Usage (2d ed. 2001) p. 351.)

## DISPOSITION

The order denying Fairmont's motion to vacate a forfeiture order and exonerate the bail bond is affirmed. Plaintiff and respondent County of Los Angeles to recover costs.

Armstrong, Acting P. J., and Kriegler, J., concurring.